**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALVIN JOHNS, | No. 18-35127 |
| Plaintiff-Appellee, | D.C. No. 6:16-cv-00907-AA |
| v. | |
| CITY OF EUGENE; et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted May 16, 2019[**]
Portland, Oregon

Before: N.R. SMITH, WATFORD, and R. NELSON, Circuit Judges.

In this interlocutory appeal of a 42 U.S.C. § 1983 action, the defendants, law

enforcement officers, appeal the district court's denial of their motion for summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment.  We have jurisdiction, 28 U.S.C. § 1291, *see also Rodis v. City & Cty. of San Francisco*, 558 F.3d 964, 968 (9th Cir. 2009), and we reverse.

The defendants moved for summary judgment below, arguing that they had probable cause to arrest Johns and that, even if they did not have probable cause, they were entitled to qualified immunity.  The district court found that the question of probable cause was a triable issue;[1] it also found that the jury could plausibly find that the officers violated established law when they arrested Johns without first investigating the veracity of the claims made against him by Betsy Castleton.  Accordingly, the district court found that the officers were not entitled to qualified immunity and denied the officers' motion for summary judgment.

We disagree that the officers violated clearly established federal law when they arrested Johns.  Though it is clearly established as a matter of federal law that officers may not conduct a warrantless arrest without probable cause, *see United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007), the officers had information

---

[1] Though we find that the district court erred in denying qualified immunity to the officers, we note that probable cause may have existed under our precedents. *See Peng v. Mei Chin Penghu*, 335 F.3d 970, 979 (9th Cir. 2003) ("[A] factual dispute regarding a victim's complaint at the scene of an alleged domestic disturbance does not defeat probable cause if: 1) the victim's statements are sufficiently definite to establish that a crime has been committed; and 2) the victim's complaint is corroborated by either the surrounding circumstances or other witnesses.").

that, if believed, would have easily provided probable cause to arrest Johns. Specifically, it is undisputed that the officers that responded to the incident were told by Castleton that Johns had struck her with a baseball bat and then used the bat to smash her phone. If credited, these statements would be sufficient to persuade "a person of reasonable caution to believe that an offense has been or is being committed." *Id.*

Johns provided contrary statements to the officers and, in opposing the officers' motion for summary judgment, argued that the officers unreasonably believed Castleton's account without first investigating the veracity of her claims. The district court agreed, finding that it was a violation of clearly established federal law to arrest someone when: "(1) all available physical evidence conflicts with a purported victim's version of events and is consistent with a purported perpetrator's version of events; (2) the alleged perpetrator is the one who called the police for help; and (3) the supposed victim is intoxicated and the supposed perpetrator is sober." The only cases cited by the district court for the proposition recited above[2] are our circuit's decisions in *Arpin v. Santa Clara Valley*

---

[2] It isn't clear that the district court actually found that this proposition is established by these cases because, while it notes that Johns had argued that this proposition could be drawn from them, the district court also specifically noted that there is no "on-point precedent" that establishes this proposition.

*Transportation Agency*, 261 F.3d 912 (9th Cir. 2001), and *Fuller v. M.G. Jewelry*, 950 F.2d 1437 (9th Cir. 1991), and the Tenth Circuit's decision in *Cortez v. McCauley*, 478 F.3d 1108 (10th Cir. 2007) (en banc).

However, there are two significant problems with the district court's reliance on these cases. First, none of these cases anywhere articulate the "clearly established" law identified by the district court. Instead, they establish a more general proposition, i.e. that officers have a duty to reasonably investigate information or claims that they believe give them probable cause before arresting an individual on the basis of that information. At most, the proposition articulated by the district court could arguably be drawn from these decisions, but the mere fact that a proposition could arguably be drawn from existing cases is not enough for qualified immunity purposes. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) ("The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply."); *see also Sharp v. County of Orange*, 871 F.3d 901, 910 (9th Cir. 2017) ("The Supreme Court has repeatedly instructed that we examine 'whether the violative nature of *particular* conduct is clearly established' by controlling precedent, not whether the conduct violates a general principle of law.") (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam)).

Second, to the extent that these cases clearly establish such a duty for the officers, there is no clearly established law suggesting that this duty was not discharged here. The officers did not just accept Castleton's version of events at face value and arrest Johns. Instead, it is undisputed that the officers questioned Castleton, Johns, and Johns's son, and observed some physical evidence that corroborated Castleton's claims before arresting Johns. Neither Johns nor the district court has cited a case that clearly and unambiguously required the officers to do more than they did, nor have we been able to locate one that would so require.

Because the information that the officers obtained during the course of that investigation was "sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested," *Lopez*, 482 F.3d at 1072, the officers did not violate clearly established federal law when they arrested Johns. Therefore we find that the officers are entitled to qualified immunity, and we reverse the district court's order and remand for entry of judgment. The parties shall bear their own costs on appeal.

**REVERSED and REMANDED.**

5